UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAJDE MIQBEL,<br><br>Defendant. | No. 1:14-CR-2101-LRS-5<br><br>ORDER GRANTING MOTION TO EXPEDITE AND GRANTING SECOND MOTION TO MODIFY CONDITIONS OF RELEASE |

**BEFORE THE COURT** without oral argument is Defendant's Motion to Modify Conditions of Release (**ECF No. 120**), which the Court expedites pursuant to the simultaneously filed Motion to Expedite (**ECF No. 121**). Defendant requests modification of Special Condition No. 19 of his pretrial release requiring GPS monitoring and home detention. Instead of home detention, Defendant asks the Court to impose a curfew restricting him to his home between 11:00 p.m. and 7:00 a.m. The Motion is unopposed. (ECF No. 122). According to the Motion, the Defendant's supervising probation officer is not opposed to the requested modification.

A magistrate judge has the authority to modify pretrial release conditions while remaining mindful that such conditions continue to satisfy the goals of the Bail Reform Act of 1984 to reasonably assure a defendant's appearance at his or her trial and the safety of the community. See 18 U.S.C. § 3142(f) to (g); 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release."); 28 U.S.C. § 636(a)(2) (magistrate judge is empowered to "issue orders pursuant to section 3142 of title 18 concerning

ORDER - 1

release or detention of persons pending trial"). In ensuring that the goals of the Act are satisfied, the Court is guided by 18 U.S.C. § 3142(f), which requires a defendant to establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness. 18 U.S .C. § 3142(f).

Defendant presents the fact that the Defendant has been compliant with all terms of pretrial conditions during the pendency of the case. However, compliant behavior is required. The Court will modify Special Condition No. 19 as requested, but also impose an additional condition regarding employment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 121**) and (Second) Motion to Modify Conditions of Pretrial Release (**ECF No. 120**) are **GRANTED**.

2. Defendant's Special Condition of Release No. 19 as set forth in the Court's Order Setting Conditions of Release (ECF No. 104) is modified to read as follows:

> **(19)** Defendant shall participate in the following home confinement program(s):
>
> **GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.
> **AND**
> **Curfew**: Defendant shall be restricted to his/her residence every day from 11:00 p.m. to 7:00 a.m. as directed by the Pretrial Services Office.

///
///
///

3. The following Special Condition of Release No. 21 is added to the Conditions of Release set forth in ECF No. 104:

**(21)** Defendant shall maintain or actively seek lawful employment.

The Clerk of the Court is directed to enter this Order and provide copies to counsel and to U.S. Probation.

**DATED** April 10, 2015.

s/James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER - 3